IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

MEHREEN ALI, )
    *Plaintiff*, )
)
v. )
) Civil Action No. 1:23-cv-1238 (PTG/WEF)
VADIM MOSLOV, *et al.*, )
    *Defendants*. )
)

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss ("Motion"). Dkt. 10. On September 13, 2023, Plaintiff Mehreen Ali, proceeding *pro se*, filed this civil action against Defendant Siber Systems and three individual defendants, Vadim Maslov ("Mr. Maslov"), Olga Koslova ("Ms. Koslova"), and Justin Walls ("Mr. Walls") (collectively, "Individual Defendants") alleging that she "experienced harassment, discrimination, and retaliation by Siber Systems Inc." and that she was "let go [from her job] without warning" even though Plaintiff was "a top performer with no misconduct []or attendance issues."[1] Dkt. 1 at 4.

On January 4, 2024, Siber Systems, along with Individual Defendants, filed the instant Motion, contending that Plaintiff's claims should be dismissed for failure to state a claim. *See* Dkt. 10. In the Motion, Defendants advised Plaintiff that the Motion could be granted on the basis of Defendants' papers if Plaintiff failed to file a response within twenty-one (21) days of the filing of the Motion. *See id.* at 3–4. On January 24, 2024, Plaintiff, instead of filing a response in

---

[1] Although the case name suggests that the spelling of this defendant's name is "Moslov," according to Defendants, the correct spelling in "Maslov." *See* Dkt. 11 at i n.1. Accordingly, this memorandum opinion will use the name "Vadim Maslov."

opposition to the Motion, refiled her rebuttal to the EEOC's notice-of-right to sue letter ("Rebuttal"), which was also attached to her Complaint. *See* Dkts. 1, Ex. 1, 17.

On March 7, 2024, this Court held a hearing on the Motion. *See* Dkt. 19. Following the hearing, the Court dismissed Plaintiff's claims against Individual Defendants, who were all employees of Siber Systems. *See* Dkt. 20. With respect to Plaintiff's claims against Siber Systems, the Court held the Motion in abeyance, giving Plaintiff leave to file an opposition to the motion. *Id.* Thereafter, the Court granted Plaintiff's motion for additional time to file an opposition. Dkt. 22. On April 5, 2024, Plaintiff, instead of filing an opposition to the instant Motion, filed a "Statement of Facts," which contains additional factual allegations that were neither included in the Complaint nor the EEOC Charge.[2] *See* Dkt. 23. On April 11, 2024, Siber Systems filed a reply brief in further support of its Motion. Dkt. 24.

The Court has reviewed the parties' respective pleadings and memoranda and finds this case ripe for disposition. For the following reasons, Siber Systems' Motion to Dismiss is granted in part and denied in part.

## Background

The following facts, taken from Plaintiff's Complaint, and all attachments thereto, are accepted as true for the purposes of this Motion:[3]

---

[2] Defendant argues that Plaintiff's Statement of Facts should be stricken as an impermissible attempt to amend the Complaint without first seeking leave from the Court to do so. *See* Dkt. 24 at 4–5. The law is quite clear that a plaintiff cannot amend the factual allegations made in a complaint through subsequent briefing. *See S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013). Accordingly, the Court will not consider any factual details in the Statement of Facts (Dkt. 23) that go beyond those contained in the Complaint or in any attachments thereto.

[3] In considering a motion to dismiss for failure to state a claim, as is the case here, "a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir.

2

Plaintiff Mehreen Ali was employed as a Senior Account Manager at Siber Systems from September 2020 through October 2022. Dkt. 1, Ex. 1 at 2. Plaintiff alleges that while employed at Siber Systems, she was subject to harassment from other male employees, namely Mr. Walls.

Specifically, Plaintiff alleges the following incidents of sexual harassment by Mr. Walls: (1) on or around December 3, 2020, Mr. Walls sent Plaintiff flirtatious text messages commenting on her perfume called "bombshell," telling Plaintiff that the name of the perfume was befitting of her; (2) on or around December 16, 2021, at a holiday party, Mr. Walls flirted with Plaintiff throughout the evening and then forcibly walked Plaintiff to her car at the end of the evening; (3) in or around July 2022, Mr. Walls winked at Plaintiff; (4) in or around August 2022, Mr. Walls walked up behind Plaintiff while in an office kitchen and "placed his hands on [her] buttocks[;]" and (5) on different occasions, Mr. Walls made inappropriate comments about Plaintiff's body and clothing and told Plaintiff that she looked "sexy." *See id.* at 2–3.

Plaintiff alleges that in or around July 2022, she spoke to Ms. Koslova, her supervisor, about Mr. Wall's harassment. *Id.* at 2. During the conversation, Plaintiff complained to Ms. Koslova that the harassment affected her mental health, and that Plaintiff believed the harassment created "a hostile work environment and [Plaintiff] felt [she was] targeted due to [her] National Origin (not being Russian or White)." *Id.*[4] Plaintiff alleges that Ms. Koslova was dismissive of her complaints and told Plaintiff that if she was not happy, she should leave the job. *Id.* at 2–3.

---

2009). In addition, the court may "consider documents that are explicitly incorporated into the complaint by reference, and those attached to the complaint as exhibits." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citation omitted).

[4] Plaintiff also alleges that during this conversation, she told Ms. Koslova about another sexual harassment incident in which a different male employee, Stanko Tomic, "draped his arm over [Plaintiff's] shoulders" while the two were at Maslov's house. Dkt. 1, Ex. 1 at 3.

3

Plaintiff further alleges that following the August 2022 kitchen incident with Mr. Walls, she had a second conversation with Ms. Koslova about the incident. *Id.* at 3. Ms. Koslova purportedly told Plaintiff that she would talk to Mr. Walls, but Plaintiff never heard from Ms. Koslova again regarding the incident. *Id.* Plaintiff alleges that thereafter, in or around September 2022, she told Ms. Koslova that if her complaints were not taken seriously, Plaintiff would file a case with the EEOC or consider taking other legal action. *Id.* Plaintiff alleges that following this conversation, she was fired "in retaliation for [her] protected activity." *Id.*

On or about February 22, 2023, Plaintiff filed a discrimination charge with the EEOC. Dkt. 11, Ex. 1 at 1.[5] In the EEOC Charge, Plaintiff alleged that she was subject to discrimination from November 9, 2020, until October 7, 2022. *Id.* Specifically, Plaintiff alleged the following: (1) since November 2020, she was continuously sexually harassed by "the male Engineer Manager and Customer Support Manager who [were her] supervisors[;]" (2) in or around November 2020, she filed a formal complaint with Ms. Koslova who did nothing regarding Plaintiff's concerns; (3) following the November 2020 complaint, she was subjected to a hostile work environment and microaggressions; (4) in or around April 2022, Plaintiff filed a verbal complaint with Ms. Koslova about the hostile work environment she believed she was being subjected to and, once again, Ms. Koslova was dismissive of Plaintiff's complaints; (5) on August 25, 2022 and again on August 28, 2022, Plaintiff sent an email to the Engineer Manager and Ms. Koslova expressing her concerns about "new refund policies and how [they were] impacting everyone's commissions[;]" and (6) on October 7, 2022, Plaintiff was terminated from her employment. *Id.* at 1–2. Plaintiff stated that she believed she was "discriminated against on the basis of [her] race (Asian), sex (female)[,] and

---

[5] The Court considers the EEOC Charge Defendant attached to the Motion to Dismiss because it is "integral to the complaint" and "there is no dispute about the document's authenticity." *Goines,* 822 F.3d at 166.

retaliated against for engaging in protected activity." *Id.* at 3. On June 22, 2023, the EEOC issued Plaintiff a Notice of Right to Sue letter. Dkt. 1, Ex. 1 at 1.

**Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss when a complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This pleading standard does not require detailed factual allegations; rather, the plaintiff must plead factual content allowing the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, a complaint is insufficient if it relies upon "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (first quoting *Iqbal*, 556 U.S. at 679; and then quoting *Twombly*, 550 U.S. at 557).

When reviewing a motion brought under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint[,]" drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (first quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); and then quoting *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). The Court must also construe *pro se* complaints liberally. *See Erickson*, 551 U.S. at 94. However, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999) (quoting *Sado v. Leland Mem'l Hosp.*, 933 F. Supp. 490, 493 (D. Md. 1996).

## Analysis

### I. Plaintiff Has Failed to State Plausible Claims of Race/National Origin Discrimination and Sex-Based Hostile Work Environment Under Title VII

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Here, Plaintiff alleges in her Complaint that she experienced discrimination by her former employer, Siber Systems. *See* Dkt. 1 at 4. However, in the Complaint, Plaintiff fails to specify the protected classification(s) under which she was allegedly subjected to discrimination. Nevertheless, in construing the Complaint liberally and drawing all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff is alleging that she was (1) discriminated against on the basis of her race/national origin and (2) subjected to sexual harassment, giving rise to a sex-based hostile work environment claim. The Court addresses each of these claims in turn.

(a) Race/National Origin Discrimination Claim

Before the EEOC, Plaintiff alleged that she was subject to race and sex discrimination. *See* Dkt. 11, Ex. 1 at 2. In her Rebuttal—which Plaintiff relies upon in support of her claims for relief—Plaintiff raised for the first time the claim that she was discriminated against on the basis of her national origin. *See* Dkt. 1, Ex. 1 at 2. The law is clear that under Title VII, an employee seeking redress for discrimination must first exhaust his or her administrative remedies by filing a charge with the EEOC. *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 406 (4th Cir. 2013). "The allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962–63 (4th Cir. 1996). Thus, if a civil complaint's Title VII claims "exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation

6

thereof, they are procedurally barred." *Balas*, 711 F.3d at 407 (quoting *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005) (citing *Dennis v. Cnty of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995))).

In this instant action, Defendant argues that Plaintiff cannot assert a claim of national origin discrimination because the claim was not raised in her EEOC Charge, and therefore, she "has failed to exhaust her administrative remedies with respect to th[is] claim." Dkt. 11 at 1. However, "[c]ourts have recognized that 'there is potential overlap between discrimination based upon race, nationality, and color[]'" and "look to the EEOC charge, the administrative investigation, and the federal complaint to determine the extent of this 'potential overlap.'" *Gardner v. Shulkin*, No. 3:18-cv-98, 2019 WL 1258839, at *2 (E.D. Va. Mar. 19, 2019) (first quoting *Gordon v. Richmond Pub. Sch.*, No. 3:13-cv-113, 2013 WL 3957807, at *4 (E.D. Va. July 30, 2013); and then quoting *Nieves v. CCC Transp., LLC*, No. 3:12-cv-500, 2012 WL 3880590, at *3 (E.D. Va. Sept. 6, 2012)).

Here, in the EEOC Charge, Plaintiff asserted a claim of racial discrimination, broadly alleging that she was discriminated against because she is Asian. Dkt. 11, Ex. 1 at 2. Then, in the Rebuttal, Plaintiff alleged that she was discriminated against, based on national origin, for not being Russian or White. Dkt. 1, Ex. 1 at 2. Considering these claims, and drawing all reasonable inferences in Plaintiff's favor, the Court finds that there is overlap between Plaintiff's racial discrimination claim and claim of national origin discrimination. *See cf. Asuncion v. Southland Corp.*, 1998 WL 71529, at *1 (4th Cir. Feb. 23, 1998) (analyzing both race and national origin discrimination Title VII claims asserted by an Asian male plaintiff). As such, the Court finds that Defendant was sufficiently put on notice of Plaintiff's claim of national origin discrimination and Plaintiff properly exhausted this claim.

Putting the issue of exhaustion aside, Defendant further contends that Plaintiff's discrimination claim should be dismissed because Plaintiff has failed to state a plausible claim of discrimination. Specifically, Defendant argues that Plaintiff has failed to allege any factual detail to draw a reasonable inference that her termination was the product of discrimination. *See* Dkt. 11 at 14–15. The Court agrees.

To state a claim of discrimination "in the enforcement of employee disciplinary measures" under Title VII, a plaintiff must allege (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) other employees who are not members of the protected class were retained under apparently similar circumstances. *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 133 (4th Cir. 2002).[6] While Plaintiff alleges that she was discriminated against and terminated from her employment, her Complaint and other pleadings are devoid of any factual allegations that could lead this Court to reasonably infer that Defendant is liable for discriminating against Plaintiff. Plaintiff has failed, for instance, to include factual details surrounding the alleged discrimination she suffered and does not plausibly plead a discriminatory motive behind Defendant's decision to terminate her employment.

Rather, in support of her discrimination claim, Plaintiff merely raises allegations about another employee, Kevin Moran ("Mr. Moran"). According to Plaintiff, Mr. Moran, who is a white male, was similarly terminated from his employment, but was given a severance pay before later being rehired. *See* Dkt. 1, Ex. 1 at 3; Dkt. 23 at 2. Accepting these allegations as true, the Court finds that they are insufficient to plausibly state a discrimination claim under Title VII. First,

---

[6] In the context of a Title VII case, although a plaintiff need not establish a *prima facie* case at the motion to dismiss stage, he is "required to allege facts to satisfy the elements of a cause of action created by that statute." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021).

8

Mr. Moran was subject to the same adverse employment action as Plaintiff—he too was terminated from his employment with Siber Systems. Second, while Plaintiff appears to take issue with the fact that Mr. Moran, unlike Plaintiff, was given a severance pay and then later rehired, Plaintiff fails to allege factual details that would support a reasonable inference that Mr. Moran was treated more favorably due to his race or national origin. In short, Plaintiff simply asserts that she was discriminated against. However, such a conclusory assertion, without more, is insufficient to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678 (stating that it does not suffice for a complaint to "tender[] 'naked assertion(s)' devoid of 'further factual enhancement.'" (quoting *Twombly*, 550 U.S. at 557)). For these reasons, the Court will dismiss Plaintiff's claim of race/national origin discrimination.

(b) Hostile Work Environment Claim

In her Complaint, Plaintiff alleges that she experienced sexual harassment while employed at Siber Systems. *See* Dkt. 1 at 4. Plaintiff also raised a claim of sexual harassment before the EEOC. *See* Dkt. 11, Ex. 1 at 1. Specifically, in her EEOC Charge, Plaintiff alleged that during her employment and beginning in November 2020, she was "continually sexually harassed by the male Engineer Manager and Customer Support Manager" who "constantly made unwanted gestures, sexual advances and remarks about [Plaintiff's] appearance and the way [she] dressed." *Id.* Then, following the EEOC's dismissal of her discrimination charge, Plaintiff provided more specific factual allegations to further support her sexual harassment claim. In her Rebuttal, Plaintiff alleged that (1) on December 3, 2020, Mr. Walls (the purported Customer Support Manager) sent Plaintiff flirtatious text messages, commenting about Plaintiff's perfume called "bombshell" and how it was befitting of her; (2) during a holiday party on December 16, 2021, Mr. Walls flirted with Plaintiff and forcibly walked her to her car at the end of the party; (3)

sometime in July 2022, Mr. Walls winked at Plaintiff in the presence of his children; and (4) in or about August 2022, Mr. Walls touched Plaintiff on the buttocks, and later that same day, he winked at her. Dkt. 1, Ex. 1 at 2–3.

Defendant argues that any factual allegations that go beyond April 2022 should be excluded because such allegations exceed the scope of the EEOC Charge. *See* Dkt. 11 at 9–11. Defendant further argues that Plaintiff cannot state a plausible sex-based hostile work environment claim because the incidents alleged in both the EEOC Charge and Rebuttal are too discrete and isolated to meet the standard of severe or pervasive harassment. *Id.* at 12–13.

As to the first point of contention, Defendant essentially asks this Court to find that because the last factual allegation regarding sexual harassment contained in the EEOC Charge occurred in or around April 2022, the allegations that (1) in July 2022, Mr. Walls winked at Plaintiff and (2) in or about August 2022, Mr. Walls touched Plaintiff on her buttocks are procedurally barred from consideration. *See* Dkt. 11, Ex. 1 at 1. To Defendant's point, and as stated earlier, "[t]he allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint" in a Title VII civil action. *Evans*, 80 F.3d at 962–63. However, claims that are "reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint" may also be considered. *Id.* at 963.

Here, the Court finds that the allegation that Mr. Walls winked at Plaintiff in July and August 2022 could have been developed from a reasonable investigation into the claims asserted in the EEOC Charge. Mr. Walls' alleged act of winking at Plaintiff is an example of the unwanted gestures and sexual advances Plaintiff complained of in the EEOC Charge. *See* Dkt. 11, Ex. 1 at 1. The same is true of the allegation that Mr. Walls touched Plaintiff on the buttocks in August 2022 because it is reasonably related to or could have been reasonably developed from an

10

investigation into Plaintiff's claims that she was being sexually harassed. In addition, a claim of physical touching can be a type of unwanted gesture or sexual advance. With this in mind, the Court will now consider whether Plaintiff's factual allegations give rise to a plausible sex-based hostile work environment claim.

To state a hostile work environment claim, Plaintiff must allege that "the offending conduct (1) was unwelcome, (2) was because of her sex [], (3) was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment, and (4) was imputable to her employer." *Bonds v. Leavitt*, 629 F.3d 369, 385 (4th Cir. 2011) (quoting *Ziskie v. Mineta*, 547 F.3d 220, 224 (4th Cir. 2008)). The third element of a hostile work environment claim requires a plaintiff to plausibly allege that the work environment was subjectively and objectively hostile. *See Bonds*, 629 F.3d at 385. "Such proof depends upon the totality of the circumstances, including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Id.* (quoting *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008)). Furthermore, courts have found that where "the alleged harassment involves isolated or scattered incidents occurring over the course of several months, the conduct is not pervasive enough to state a claim for hostile work environment." *Mustafa v. Iancu*, 313 F. Supp. 3d 684, 695 (E.D. Va. 2018).

Here, the Court finds that the specific factual allegations of sexual harassment that Plaintiff proffers are insufficient to support her claim of hostile work environment. First, the Court notes that while Plaintiff claimed in her EEOC Charge that the "hostile work environment was affecting [her] mental health[,]" neither the Charge nor any of Plaintiff's other pleadings proffer any factual allegations explaining how the alleged harassment Plaintiff suffered affected her work

performance. Dkt. 11, Ex. 1 at 1. Furthermore, though Plaintiff stated in the EEOC Charge that she was subjected to a hostile work environment starting in November 2020, the first specific allegation of offensive conduct that Plaintiff identifies is Mr. Walls' December 2020 act of commenting on Plaintiff's perfume called "bombshell[.]" Dkt. 1, Ex. 1 at 2. Then, nearly a year later, Plaintiff alleges Mr. Walls flirted with her and insisted on walking Plaintiff to her car following a holiday party. *Id.* The next discrete acts occurred in July and August 2022 when Plaintiff alleges that Mr. Walls winked at her on two separate occasions and touched her buttocks. *Id.* at 2–3. In short, the allegations that Plaintiff relies upon in support of her hostile work environment claim involved discrete and isolated events that occurred several months and, in some instances, a year apart. The Court finds that the infrequency of these alleged acts and the lack of any factual allegations regarding how these acts unreasonably interfered with Plaintiff's work performance prevents her from stating a plausible sex-based hostile work environment claim. Accordingly, the Court will dismiss this claim.

## II.     Plaintiff Has Failed to State a Plausible Claim of Retaliation Under Title VII

Plaintiff further alleges that Siber Systems retaliated against her in violation of Title VII. Dkt. 1 at 4. To state a claim of retaliation under Title VII, Plaintiff must allege "(1) that she engaged in a protected activity, (2) that her employer took an adverse action against her, and (3) that there was a causal link between the two events." *Laurent-Workman v. Wormuth*, 54 F.4th 201, 212 (4th Cir. 2022) (citing *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 217 (4th Cir. 2016)).

As an initial matter, the Court notes that Plaintiff's EEOC Charge and pleading documents contain distinct factual allegations relating to her claim of retaliation. In the EEOC Charge, Plaintiff essentially asserts that she engaged in two protected activities: (1) in November 2020,

Plaintiff submitted a formal complaint to Ms. Kozlova regarding the alleged sexual harassment Plaintiff was experiencing; and (2) in or around April 2022, Plaintiff complained to Ms. Kozlova for a second time about the harassment. *See* Dkt. 11, Ex. 1 at 1.[7] However, in her Rebuttal, which, as noted earlier, Plaintiff relies upon in support of her claims for relief, Plaintiff alleges that: (1) in July 2022, she complained to Ms. Kozlova that she was being subjected to a hostile work environment and that she felt she was being targeted because she is not White or Russian; (2) in August 2022, she complained to Ms. Kozlova about Mr. Walls touching her buttocks; and (3) in September 2022, she told Ms. Kozlova that she intended to pursue her claims of harassment and discrimination with the EEOC and, shortly thereafter, she was terminated from her employment. Dkt. 1, Ex. 1 at 2–3.

As stated earlier, if a plaintiff's Title VII claims raised in a civil complaint "exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred." *Balas*, 711 F.3d at 407. Here, the Court finds that the allegations contained in Plaintiff's Rebuttal that go to her retaliation claim exceed the scope of the EEOC Charge. Specifically, the Court finds that the EEOC Charge contained specific allegations of protected activities that differ with respect to the time frames and factual details raised for the first time in the Rebuttal. Further, there is also no indication that Plaintiff was somehow prohibited

---

[7] The Court notes that in the EEOC Charge, Plaintiff also alleged that on two occasions in August 2022, she "sent an official email about [her] concerns regarding the new refund policies and how it was impacting everyone [sic] commissions[.]" Dkt. 11, Ex. 1 at 1–2. Title VII "expressly prohibits retaliation by an employer against an employee 'because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.'" *Netter v. Barnes*, 908 F.3d 932, 937 (4th Cir. 2018) (citing 42 U.S.C. § 2000e-3(a)). Thus, unless the refund policy involved an employment practice made unlawful by Title VII —which Plaintiff does not allege—making a complaint about this policy is not a protected activity.

from raising the allegations contained in the Rebuttal before the EEOC when all the factual details were known to Plaintiff at the time. Accordingly, Plaintiff has failed to properly exhaust her administrative remedies as it pertains to her retaliation allegations raised in her Rebuttal.

As to the allegations that are properly exhausted—those stated in the EEOC Charge—the Court finds that these allegations are insufficient to state a plausible claim of retaliation. As stated earlier, to state a claim of retaliation under Title VII, Plaintiff must allege facts showing a causal link between the protected activity and materially adverse action. *See Laurent-Workman*, 54 F.4th at 216; *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006). The Fourth Circuit has explained that the causation requirement for a retaliation claim can be shown in two ways: by "'show[ing] that the adverse act bears sufficient temporal proximity to the protected activity,' or by showing 'the existence of facts that suggest that the adverse action occurred because of the protected activity,' or a combination of the two." *Laurent-Workman*, 54 F.4th at 218–19 (citing *Smith v. CSRA*, 12 F.4th 396, 417 (4th Cir. 2021)).

Here, Plaintiff fails to allege sufficient factual details that could lead this Court to draw a reasonable inference that Plaintiff's termination was because of either her November 2020 or April 2022 complaint to Ms. Koslova about the sexual harassment Plaintiff claims she experienced at work. Moreover, as alleged in the Complaint, Plaintiff was terminated on October 7, 2022. Dkt. 1 at 4. Therefore, the nearly two-year gap between Plaintiff's termination and the first protected activity, as well as the several month gap between the termination and the second protected activity, undermines any inference that the termination may have been caused by Plaintiff engaging in these activities. Thus, the Court finds that Plaintiff has failed to state a plausible claim of retaliation and will dismiss this claim accordingly.

### III. Leave to Amend Claims Except Those That Were Not Exhausted

Defendant asks that Plaintiff's Complaint be dismissed, in its entirety, with prejudice. Dkt. 24 at 7. Generally, Federal Rule of Civil Procedure 15 provides that a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In keeping with this rule, "courts heed the Supreme Court's instruction that leave to amend should be refused only in situations of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to a defendant, or futility of amendment." *Morefield v. Bailey*, 959 F. Supp. 2d 887, 907 (E.D. Va. 2013) (citing *Glaser v. Enzo Biochem, Inc.*, 126 F. App'x 593, 602 (4th Cir. 2005) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))). Accordingly, dismissal of a case with prejudice is warranted where "amendment would be futile in light of the [complaint's] fundamental deficiencies." *Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008). "[A]n amendment may be considered futile where Plaintiffs have previously had two full opportunities to plead their claim." *Iron Workers Loc. 16 Pension Fund v. Hilb Rogal & Hobbs Co.*, 432 F. Supp. 2d 571, 595 (E.D. Va. 2006) (citing *Travelers Cas. & Sur. Co. v. Danai*, No. 05-356, 2005 WL 2045398, at *3 (E.D. Va. Aug. 22, 2005)).

Here, Plaintiff has not amended her complaint. As discussed, there are exhaustion issues related to Plaintiff's claims that cannot be cured through further amendment. Accordingly, Plaintiff will not be given leave to amend with respect to those portions of Plaintiff's hostile work environment and retaliation claims that attempt to raise adverse actions not previously raised before the EEOC. However, as to those claims that were properly exhausted, the Court will give Plaintiff leave to amend. Accordingly, and for the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (Dkt. 10) is **GRANTED** in part and **DENIED** in part; it is further

15

**ORDERED** that those portions of Plaintiff's hostile work environment and retaliation claims that attempt to raise adverse actions not previously raised before the EEOC are **DISMISSED with PREJUDICE**; and it is further

**ORDERED** that the remaining claims are **DISMISSED** and Plaintiff is given twenty-one (21) days leave to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within that time period could result in dismissal of this action under Federal Rule of Civil Procedure 41(b).

The Clerk is **DIRECTED** to forward copies of this Order to Plaintiff Mehreen Ali, proceeding *pro se*.

Entered this 30th day of June, 2025.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge